# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
August 10, 2017

Plaintiff-Appellee,

v

No. 332297
Kalamazoo Circuit Court
LC No. 2013-001512-FC

JERMAL DONTE CLARK,

Defendant-Appellant.

Before: HOEKSTRA, P.J., and MURPHY and K. F. KELLY, JJ.

PER CURIAM.

In a bench trial, the court found defendant guilty but mentally ill of first-degree premeditated murder, MCL 768.36; MCL 750.316(1)(a). The trial, which solely entailed stipulated facts and the testimony of two competing experts, focused on the defense of legal insanity, MCL 768.21a. The trial court ruled that defendant failed to establish by a preponderance of the evidence that he was legally insane. Defendant was sentenced to life imprisonment without the possibility of parole, and he now appeals as of right. We vacate the conviction and remand to the trial court for a finding with respect to whether defendant established by a preponderance of the evidence that he lacked the substantial capacity to conform his conduct to the requirements of the law, which is an issue that needed to be reached for purposes of the insanity defense, but which the court neglected to rule upon given an apparent misunderstanding of the law.

In order to give context to our discussion, we begin with a recitation of MCL 768.21a, which provides, in relevant part, as follows:

> (1) It is an affirmative defense to a prosecution for a criminal offense that the defendant was legally insane when he or she committed the acts constituting the offense. An individual is legally insane if, as a result of mental illness . . ., that person lacks substantial capacity *either* to appreciate the nature and quality or the wrongfulness of his or her conduct *or* to conform his or her conduct to the requirements of the law. . . . .
>
> * * *
>
> (3) The defendant has the burden of proving the defense of insanity by a preponderance of the evidence. [Emphasis added.]

-1-

Under the plain language of MCL 768.21a(1), if a defendant has sufficiently established the existence of a mental illness at the time of the offense, he or she need only additionally establish either (1) the absence of a substantial capacity, resulting from the mental illness, to appreciate the nature and quality or the wrongfulness of the conduct at issue, or (2) the absence of a substantial capacity, resulting from the mental illness, to conform his or her conduct to the requirements of the law. See *People v Jackson*, 245 Mich App 17, 24-25; 627 NW2d 11 (2001). By way of example, if a defendant who was mentally ill at the time of a charged offense fails to show a lack of substantial capacity to appreciate the nature and quality or the wrongfulness of the defendant's conduct (prong 1), the defendant may still be able to prove legal insanity by showing that he or she lacked the substantial capacity to conform his or her conduct to the requirements of the law (prong 2). Therefore, if both prongs are in dispute at trial, the trier of fact must make a finding on both prongs, unless the trier of fact concludes that, as to one of the prongs, the defendant met the burden to establish the prong by a preponderance of the evidence, making it unnecessary to examine a second prong.

Here, before trial, the parties stipulated to a detailed set of facts, which included an agreement that defendant had caused the victim's death, that defendant had intended to kill the victim, that defendant's intent to kill the victim was premeditated, and that the killing had been deliberate. The stipulated facts revealed claims by defendant that "voices" directed him to kill the victim, along with setting forth the sequence of events that occurred before, during, and after the killing. At trial, the two experts, one on behalf of defendant and one on behalf of the prosecution, agreed that defendant was mentally ill at the time of the killing, suffering from paranoid schizophrenia or schizoaffective disorder. Defendant's expert further opined that defendant lacked the substantial capacity to *both* appreciate the wrongfulness of his conduct in killing the victim *and* to conform his conduct to the requirements of the law. Stated otherwise, defendant's expert submitted that both prongs were established, and defense counsel so contended during closing arguments. Of course, the prosecution's expert opined to the contrary on both prongs.

In ruling from the bench, the trial court cited and discussed MCL 768.21a and appeared to properly understand the workings of the two prongs discussed above. The court proceeded to review some of the testimony and the stipulated facts and made some general observations. The trial court then found that defendant "did have substantial understanding that what he was doing with regard to [the victim] was wrong[,]" thereby ruling on what we have characterized as the first prong of legal insanity. The court next explained why it came to that particular conclusion. Given the trial court's ruling on prong 1, it became necessary under the law to make a finding on the second prong. The court next ruled:

> I do have some concerns with regard to the defendant's recognition of whether his behavior conformed with the requirements of the law;[1] but, by virtue of my finding that he did have capacity-substantial capacity to recognize

---

[1] Although this was a misstatement of the law concerning prong 2, it is plain that the trial court had now focused its attention on the second prong.

and appreciate what he was doing was wrong and that it was an act that he should not have engaged in, I believe that satisfies *one* of the prongs establishing that the defendant is, in fact, not insane from the standpoint of . . . legal insanity. Therefore, the defendant has not met [his] burden showing that the defendant in this case was legally insane under [MCL] 768.21a. [Emphasis added.]

The only reasonable construction of this passage is that the trial court believed that once it determined that defendant had failed to establish the first prong regarding appreciation of the wrongfulness of his conduct, defendant was essentially deemed legally sane at the time of the offense, making it unnecessary to render a finding on the second prong concerning the ability to conform one's conduct to the requirements of the law. This reflects a fundamental misunderstanding of legal insanity and the operation of MCL 768.21a. For the reasons expressed earlier, the trial court was absolutely required to make a finding on the second prong, and it simply did not do so. To the extent that the trial court intended otherwise and merely misspoke, we cannot reasonably discern such a conclusion from a plain reading of the transcript. We recognize that appellate counsel has not raised this issue on appeal, which we find troubling, but the error is so glaring that we simply cannot ignore it and therefore raise it sua sponte. Indeed, we would be in no position to assess whether error occurred with respect to prong 2, as claimed by defendant's appellate counsel, where the record is devoid of a finding and ruling on the second prong.

We vacate the conviction and remand for a finding by the trial court regarding whether defendant established by a preponderance of the evidence that he lacked the substantial capacity to conform his conduct to the requirements of the law.

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction, considering the possibility of an acquittal on remand and, in such a case, no need to exercise continuing jurisdiction.[2]

/s/ Joel P. Hoekstra
/s/ William B. Murphy
/s/ Kirsten Frank Kelly

---

[2] If defendant is once again convicted, he will of course be free to file a new claim of appeal in this Court.